UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK J. KWOKA AND ESME PRIVATE LABEL LLC,<br><br>Plaintiffs,<br><br>v.<br><br>Diane D'Angelo d/b/a Lasting Memories,<br><br>Defendant. | Docket No.:<br><br>**COMPLAINT** |

Plaintiffs, Mark J. Kwoka and Esme Private Label LLC, through their attorneys Segal Gebski & Berne LLP, alleges:

### PARTIES

1. Plaintiff Mark J. Kwoka is domiciled in the State of Florida and regularly conducts business within the State of New York.

2. Plaintiff Esme Private Label LLC, is a New York domestic Limited Liability Company with its principal place of business located in the City, County and State of New York.

3. Defendant Diane D'Angelo, is domiciled in the State of Tennessee, residing at 7909 Whitcomb Rd Powell, TN 37849

4. Upon information and belief, Ms. D'Angelo also conducts business through an unincorporated entity Diane D'Angelo d/b/a Lasting Memories, having its principal place of business located at 7909 Whitcomb Rd Powell, TN 37849.

### JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and there is diversity of citizenship between Plaintiff and Defendants.

1

6.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(c)(2).

## FACTS

A. The Historical Relationship Between the Parties

7.     That, Plaintiff Mark J. Kwoka, having over 30 years of experience in the business of bridal gowns and accessories, met the Defendant Diane D'Angelo, in March of 2019 during the New York Bridal Market trade show.

8.     That, for approximately past five years, Plaintiff Mark J. Kwoka and Defendant Diane D'Angelo, cooperated as equal partners, each having 50% company membership interest, in the Florida Limited Liability Company, the Esme Designs LLC.

9.     Based on the past 5 years of cooperation, in or about January 30, 2024, Plaintiff Mark J. Kwoka, approached his partner Defendant Diane D'Angelo, about dissolving their cooperation and proposed an amicable resolution equally benefiting each party.

10.    That since January 30, 3024 and all times thereafter, Mr. Kwoka was under impression that the verbal agreement was reached, and parties agreed to memorize their conclusions with an initial Memorandum of Understanding (the "MOU"), to be followed by an official termination and dissolution agreement.

11.    At that time, parties were in the process of preparing to present their products at the National Bridal Market, a trade show to be held in Chicago, Illinois on 17-19 March 2024. The tradeshow booth rental fees were paid by the Florida company, Esme Designs LLC. For the purpose of the Chicago Bridal Market, parties verbally agreed to split the already rented space 75% Mr. Kwoka and 25% Ms. D'Angelo.

12.    Furthermore, as agreed on or about February 16, 2024, Plaintiff sent his MOU draft to the Defendant for her comments and/or endorsement.

13.    On or about February 28, 2024, without any notice, Defendant Diane D'Angelo fraudulently blocked Mr. Kwoka's access to their company's bank account held at the Bank of America.

14. On or about February 29th 2024, Mr. Kwoka received a legal correspondence from Mike A. Hickman, a Tennessee attorney who, falsely claimed that Mr. Kwoka has no legal rights to the company's bank account and its accounting software. Mr. Hickman, further alleged unspecified fraudulent activity and requested that Mr. Kwoka "… are to have no further contact with Ms. D'Angelo" and should Mr. Kwoka "have any need to contact her [Ms. D'Angelo]" he should do it directly through him.

15. Shortly thereafter, on March 11, 2024, Marius Gebski, Esq., on behalf of Mr. Kwoka replied to Mr. Hickman's letter, expressing his client's confusion and pointing certain operational obstacles related to Mr. Hickman's requested ban on communications between the LLC's partners, such as the tax season deadlines and the upcoming National Bridal Market trade show which, in the past, generated approximately 80% of parties' revenue.

16. As of the date of the within complaint, Mr. Hickman nor any other legal representative replied to Mr. Gebski's letter or otherwise contacted Mr. Kwoka.

   B. <u>Defendant's Improper Efforts to Jeopardize Mr. Kwoka's Business Opportunities</u>

17. Upon information and belief, Defendant has engaged in various actions designed and intended to deprive Plaintiffs of sales, undermine their business opportunities, and prevent them from acting as a distributor of Esme Designs' products.

18. In so doing, Defendant has engaged in deceptive practices, committed misrepresentations, made knowingly false representations to third parties and failed to share her business plans with Mr. Kwoka, in a direct violation of their verbal partnership agreement and Defendant's fiduciary duty.

19. In so doing, Defendant acted in bad faith and with the intent to damage Plaintiffs' business interests.

## FIRST CAUSE OF ACTION
### (Breach of Fiduciary Duty and Partnership Agreement embedded in the jointly owned LLC)

20. Plaintiffs repeat the allegations of the foregoing paragraphs for this Complaint as if set forth at length herein.

21. That Defendant D'Angelo was acting as a fiduciary of Mr. Kwoka and their joint company Esme Designs LLC.

22. That, Defendant D'Angelo has breached her obligations under the verbal Agreement with Plaintiff Mark Kwoka to the detriment of Esme Designs LLC, by failing to provide timely support for sales of their products, by spreading false statements about Mr. Kwoka and spreading overall misinformation throughout bridal gowns industry, which resulted in Esme Designs LLC and Mr. Kwoka not being able to participate in the 2024 National Bridal Market in Chicago.

23. That, Ms. D'Angelo deceived Mr. Kwoka into believing that parties are on the path of amicable dissolution of their business relationship, when instead Defendant just used this time to set up her competing operations while utilizing the funds, resources and business opportunities of Esme Designs LLC to the great detriment of the company and its equal shareholder Mr. Mark J. Kwoka.

24. As a direct and proximate result of said breaches, Plaintiff Mark J. Kwoka, has been and continues to be damaged.

**WHEREFORE**, Plaintiffs demand judgement against the Defendant for:

(a) compensatory and consequential damages in the amount of One Million Dollars ($1,000,000.00), plus interest;
(b) for costs of suit, including attorney's fees; and

for such further relief as the Court deems just and equitable.

4

## SECOND CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

25. Plaintiffs repeat the allegations of the foregoing paragraphs of this Complaint as if set forth at length herein.

26. That, Plaintiff's Mark J. Kwoka agreement with the Defendant Diane D'Angelo, as stated above, there is an implied covenant of good faith and fair dealing.

27. As is set forth above, Defendant, has breached her obligation of good faith and fair dealing under the agreement by failing to provide timely support for sales and marketing of Esme Designs LLC's product.

28. That, Defendant D'Angelo, have breached her obligation of good faith and fair dealing under the agreement with Mr. Kwoka, by failing to advise Plaintiff of her conflicting business plans and by otherwise spreading false rumors to further damage Mr. Kwoka's credibility in the bridal market industry.

29. In addition, Defendant D'Angelo failed to perform her obligations under said agreement.

30. Defendant D'Angelo have acted in bad faith and deprived Plaintiff Kwoka of the benefit of the parties' agreement.

31. As a direct and proximate result of said breaches, Plaintiffs have been and continue to be damaged.

   **WHEREFORE**, Plaintiffs demand judgement against the Defendant for:

   (a) compensatory and consequential damages in the amount of Five Hundred Thousand Dollars ($500,000.00), plus interest;
   (b) for costs of suit, including attorney's fees; and

for such further relief as the Court deems just and equitable.

## THIRD CAUSE OF ACTION
### (Breach of Implied Contract)

32. Plaintiffs repeat the allegations of the foregoing paragraphs of this Complaint as if set forth at length herein.

33. There was a meeting of the minds between Plaintiff Kwoka and the Defendant D'Angelo, pursuant to which Defendant would provide exclusive support for sales of their product to the benefit of their joint company Esme Designs LLC. Consideration for Plaintiffs' business efforts was the termless pendency of their Agreement, and the business that grew to over $500,000 in yearly sales, over the past 5 years.

34. Plaintiff Kwoka performed his aspect of this agreement.

35. As is stated more fully above, Defendant D'Angelo breached her obligations under the agreement by refusing to cooperate in the winding down of their operations, Esme Design's participation in the National Bridal Market and overall failing to communicate with Mr. Kwoka either herself or through her legal representative.

36. As a direct and proximate result of said breaches, Plaintiffs have been and continue to be damaged.

   **WHEREFORE,** Plaintiffs demand judgement against the Defendant for:

   (a)  compensatory and consequential damages in the amount of Five Hundred Thousand Dollars ($500,000.00), plus interest;
   (b)  for costs of suit, including attorney's fees; and

(c) for such further relief as the Court deems just and equitable.


## FORTH CAUSE OF ACTION
### (Equitable Estoppel)

37. Plaintiffs repeat the allegations of the foregoing paragraphs of this Complaint as if set forth at length herein.

38. In reliance on Defendant's promise, Plaintiff Mark J. Kwoka acted to his detriment by investing time, money and resources in

6

building the national market for the Defendant and their joint business enterprise.

39. However, Defendant failed and refused to keep her promise.

40. In reliance on Defendant's words and conduct, Plaintiff Mark J. Kwoka, has changed his position while working in the bridal market, refused other business opportunities, and otherwise acted to his detriment.

41. As a direct and proximate result of Plaintiff Kwoka's reliance and Defendant's failure to perform her promise, Plaintiffs have been and continue to be damaged.

   **WHEREFORE,** Plaintiffs demand judgement against the Defendant for:

   (a) compensatory and consequential damages in the amount of Five Hundred Thousand Dollars ($500,000.00), plus interest;
   (b) for costs of suit, including attorney's fees; and

for such further relief as the Court deems just and equitable.

## FIFTH CAUSE OF ACTION
### (Fraud)

42. Plaintiffs repeat the allegations of the foregoing paragraphs of this Complaint as if set forth at length herein.

43. In numerous, direct in-person meetings, telephone conversations and e-mail correspondence between the parties, numerous customers' orders, and/or 4 years of jointly filing tax returns, Defendant acknowledged her equity in the partnership being the Esme Designs LLC.

44. That, at this time, Defendant, refuse to honor her obligations to Mr. Kwoka, Esme Designs LLC and their customers.

45. That, at this time, Defendant, continues to derail Esme Designs LLC customers to her own competing business operation being Diane D'Angelo d/b/a Lasting Memories.

46. That, at this time, Defendant, continues to spread false misinformation about Mr. Kwoka and Esme Designs LLC, among the bridal industry, as well as, among existing and potential customers.

47. That without any justification or Mr. Kwoka's consent, Defendant D'Angelo, fraudulently utilized funds of Esme Design LLC for personal purposes and to fund Defendant's competing business. Such fraudulent usage of Esme Designs company funds includes but is not limited to, paying trade show fees for Defendant's competing business, paying legal fees for personal affairs and/or withdrawing all of the remaining funds from the company's bank account held at the Bank of America.

48. As a direct and proximate result of Defendant's fraudulent acts, misrepresentations and Mr. Kwoka's reliance thereon, Plaintiffs have been and continue to be damaged.

**WHEREFORE**, Plaintiffs demand judgement against the Defendant for:

(a) compensatory and consequential damages in the amount of Five Hundred Thousand Dollars ($500,000.00), plus interest;
(b) for costs of suit, including attorney's fees; and

for such further relief as the Court deems just and equitable.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury with respect to all issues so triable.

SEGAL GEBSKI & BERNE LLP
Attorneys for Plaintiffs

By:   /s/ Marius Gebski
   Marius Gebski (MS 4915)
   17 State Street, 40th Floor
   New York, New York 10004
   Tel.: (212) 244-2805
   Email: mgebski@gebskilaw.com

8