UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK J. KWOKA and ESME PRIVATE LABEL LLC<br><br>*Plaintiff(s)*,<br><br>v.<br><br>DIANE D'ANGELO d/b/a LASTING MEMORIES<br><br>*Defendant(s)* | Case No. 24-CV-2246 (AS) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

The motion to dismiss is denied. By dropping the service issue in her reply brief, Defendant appears to concede that service was sufficient and in any event, the Court finds that it was under NY CPLR § 308. *See* Dkt. 14; Dkts. 18-1 to -4. (And to the extent that the affidavits were filed late, the Court will disregard this error, finding no prejudice. *See, e.g.*, *Furuya v. Parry*, 2019 WL 2088450, at *3 (N.Y. Sup. Ct. May 13, 2019)).

Defendant also asserts that dismissal is warranted because this lawsuit is based on alleged oral contracts, which, according to Defendant, fail to comply with the statute of frauds. But for one thing, not all of the causes of action arise from the alleged oral contracts. And Defendant drops this argument in her reply brief in response to Plaintiffs' argument that the statute of frauds doesn't apply to operating agreements under Florida law. Defendant may renew this argument in any summary-judgment motion if appropriate.

Finally, the Court will not consider arguments raised for the first time in Defendant's reply brief. *See Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993).

The Clerk of Court is directed to terminate the motions at Dkts. 15 and 16.
SO ORDERED.

*[signature]*

Arun Subramanian, U.S.D.J.
Date: August 5, 2024

Respectfully Submitted by,

Elaine Platt, Esq.
**Jones Law Firm, P.C.**
1270 6th Avenue, Floor 7
New York, NY 10020
(212) 258-0685
elaine@joneslawnyc.com
*Attorney for Defendant*

# **TABLE OF CONTENTS**

**Page**

**TABLE OF AUTHORITIES**……………………………………………………………..ii

**PRELIMINARY STATEMENT**……………………………………………………………1

**ARGUMENT**……………………………………………………………………………….1

**POINT I**……………………………………………………………………………………1

    **SERVICE HAS NOT BEEN EFFECTIVELY MADE UPON THE DEFENDANT, SO THIS COURT DOES NOT HAVE PERSONAL JURISDICTION.**

**POINT II**…………………………………………………………………………………..3

    **NEW YORK'S STATUTE OF FRAUDS PRECLUDES ENFORCEMENT OF AN ORAL AGREEMENT IF BY ITS TERMS IT IS NOT TO BE FULLY PERFORMED WITHIN ONE YEAR OF ITS MAKING.**

**CONCLUSION**…………………………………………………………………………..3

# TABLE OF AUTHORITIES

**Page**

## **Cases**

*Absolute Nev., LLC v. Baer*, 21-50-cv, 2nd Cir, 2022……………………………….2

*Bordes .v Devaux*, 23 Civ 7430, S.D.N.Y, 2023………………………………….2

*Cano v. Chisolm*, 19-cv-1640, S.D.N.Y, 2024 ………………………………..2

## **Statutes**

CPLR § 308……………………………………………………………………..….2

FRCP 4(e)…………………………………………………………………….....…1

New York Gen Oblig Law 5-701(a)…………………………………………...…3

# **PRELIMINARY STATEMENT**

The Amended Complaint was efiled on April 3, 2024. On May 18, 2024, a copy of the Complaint was taped to the Defendant's door. No other attempts at personal service were made, and the posting of the Complaint was never followed up with a mailing.

This attempt at service does not meet the "due diligence" standard that New York State requires and is not effective to confer jurisdiction on this Court.

The substance of the Complaint alleges a breach of a "verbal agreement", that is described in the Complaint as having a "termless pendency." In New York State, the statute of frauds holds that a verbal agreement is not enforceable unless by its terms, it is to be completed within one year. A "termless pendency" refutes the notion of completion within one year. Therefore, the Complaint does not allege any cause of action upon which relief can be granted.

# **ARGUMENT**

## **POINT I**

**SERVICE HAS NOT BEEN EFFECTIVELY MADE UPON THE DEFENDANT, SO THIS COURT DOES NOT HAVE PERSONAL JURISDICTION**

FRCP 4(e) provides that rules regarding personal service, are those of the state in which the District Court is located, as opposed to the state where service is made. (See also *Absolute Nev., LLC v Baer*, 21-50-cv, 2nd Cir, 2022). So the rules of New York State are controlling.

CPLR § 308 governs service of process in New York State.

CPLR § 308(4) permits "conspicuous place delivery" (affixing the complaint to the door of the Defendant's residence with adhesive tape), only after there has been a "diligent effort" to make service in person. "Diligent effort" usually requires a showing of at least two attempts (See *Cano v Chisolm*, 19-cv-1640, S.D.N.Y, 2024).

In the instant case the affidavit of service (Exhibit A) does not identify any prior attempts to make service (See *Bordes v Devaux*, 23 Civ 7430, S.D.N.Y, 2023, holding that the affidavit of service must detail the attempt to make service). Accordingly, the affidavit of service is deficient.

CPLR § 308(4) requires further that the posting must be followed up by a mailing within 20 days. (*Cano v Chisolm*, supra).

The affidavit of service, while detailing that the envelope allegedly mailed was marked "Personal and Confidential", somehow fails to indicate the **date** that the mailing was allegedly made. Nor does the affiant attach any proof of mailing to his affidavit.

The Defendant emphatically swears that she has never received a mailing, and the affidavit of service is deficient in establishing when the alleged mailing took place.

Summarily, the Complaint should be dismissed because it hasn't been established that the court has personal jurisdiction over the defendant.

## POINT II

## NEW YORK'S STATUTE OF FRAUDS PRECLUDES ENFORCEMENT OF AN ORAL AGREEMENT IF BY ITS TERMS IT IS NOT TO BE FULLY PERFORMED WITHIN ONE YEAR OF IT'S MAKING.

New York Gen Oblig Law 5-701(a) voids an unwritten agreement if by its terms, it "is not to be performed within one year…"

The Complaint in the instant case alleges that there was a verbal agreement between the parties with a "termless pendency". [See paragraph 33 of the Complaint]. As such, this agreement (if it had ever existed) would not be enforceable. Therefore, the Complaint does not state a cause of action upon which relief may be granted.

## CONCLUSION

For all the above reasons, the Complaint should be dismissed in its entirety, because the Court does not have personal jurisdiction over the Defendant; and because the Complaint does not state a cause of action upon which relief could be granted.

Dated: July 3, 2024
     New York, NY

/s/ Elaine Platt, Esq
of Counsel
**Jones Law Firm, P.C.**
1270 6th Avenue, Floor 7
New York, NY 10020
(212) 258-0685
elaine@joneslawnyc.com
*Attorney for Defendant*