Jones
Law Firm P.C

Arun Subramanian, US District Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007
(212) 805-0238
subramanianNYSDChambers@nysd.uscourts.g

March 10, 2025

<u>*Via ECF*</u>

Re: 1:24-CV-02246 *Kwoka, et al v. D'Angelo*

Dear Honorable Judge Subramanian,

We write to make a motion for dual relief:

1. To Compel Plaintiffs to produce the discovery duly demanded in September, 2024, more than 6 months ago; and

2. Pursuant to FRCP 42(a), for permission to withdraw our counterclaims.

I have reached out to Mr. Gebski to see if he would consent to any of the relief I am requesting herein. He would not.

## **MOTION TO COMPEL**

Mr. Gebski has presented a myriad of excuses to explain why he hasn't provided the discovery demanded. First Mr. Kwoka had just returned from a three-month trip; then Mr. Kwoka's wife had surgery on her elbow; then Mr. Gebski was on an "unexpected" trial and needed delay for that; then there was flood in Mr. Gebski's apartment; then Mr. Gebski was moving his family cross-country and all of his files were boxed up; and then Mr. Gebski was going to quit his representation, and obtained a delay while the Plaintiffs obtained new counsel.

I told Mr. Gebski that he could pick any production date that he was comfortable with, as long as he stuck to it. He selected November 12, 2024; and of course, he did not stick to it.

From November 12, 2024, until mid-December, Mr. Gebski made a half-dozen or more requests for additional extensions of "just over the weekend," or "just two more days," and on and on. But the promised productions never arrived.

The only thing that did arrive was a dump of 15,000 documents, which Gebski acknowledged were "mostly non-responsive," which were in no way cross-referenced to any of our Demands.

On December 10, 2024, I finally made a motion to Compel. When Mr. Gebski and I appeared in Court, Mr. Gebski was given 60 more days to produce the documents that were then already 60 days past due. Mr. Gebski produced ***nothing*** during this 60 day extension.

Mr. Gebski has continuously missed discovery deadlines, and he has never been made to suffer any consequence for this.

Mr. Gebski's latest excuse is that the subpoenas we served have "shaken business relationships" with "uninvolved customers." This is both untrue, and a complete red herring. None of the subpoenas we served were on *customers* of Esme Designs. The subpoenas that we served were on <u>competitors</u> of Esme Designs; and were all companies where Kwoka has worked, or is <u>currently working</u>. Moreover, the subpoenas were served <u>after</u> Mr. Gebski had already missed the February extension date for his time to respond to our discovery demands.

Defendant's demands, for the most part, were made to support her counterclaims. If Your Honor would permit us to withdraw our counterclaims, we could pare down our demands to just a small handful; to only those that would aid in our defense to Plaintiffs' complaint against us. For example. Plaintiff has alleged that Defendant has violated the parties' oral operating agreement. We have asked Plaintiff to provide all evidence that such an oral agreement actually exists.

## **MOTION TO WITHDRAW COUNTERCLAIMS**

Defendant asks to withdraw her counter-complaint for several reasons:

1. In the interest of simplifying this case;

2. To aid in resolving the existing discovery dispute by significantly reducing the amount of discovery that would be needed; and

3. To avoid duplicate litigation with the proceeding that is pending in Supreme Court, New York County, *Esme Designs v. Kwoka, et al*.

Withdrawing Defendant's counterclaims would not cause any prejudice to the Plaintiffs. The litigation on the counterclaims is at a very early stage. Plaintiff has not provided any discovery on any of the counterclaims, nor has he made any motions against the counterclaims. No significant resources have been spent on the counterclaims. [And the mere prospect that any of the claims might appear in a later lawsuit, does not qualify as sufficient prejudice to warrant denial of a motion to dismiss without prejudice. *Durham v Fla. E. Coast Ry. Co.*, 385 f2d, 366, 5th Cir, 1967; see also, *Thorton v Young*, 2022 U.S. Dist. Lexis 193607, SDNY, 2022.]

**WHEREFORE**, Defendant pleads with Your Honor, to issue an Order containing the following relief:

1. Permitting Defendant to withdraw, without prejudice, all counterclaims;

2. If this permission is granted, then in that event, to pare down Defendant's discovery demands to the 6 items attached hereto as Exhibit A;

3. Providing that Plaintiff must completely comply with Defendant's pared down discovery demands no later than March 31, 2025, and that if he should fail to do so, <u>FOR ANY REASON</u>, that he be required to reimburse Defendant for all of her legal fees incurred in this action to date; and that Defendant have a negative inference on these issues in any subsequent motion for Summary judgment, or trial; and

4. For such other and further relief as this Court deems just and proper.

Defendant's counterclaims are hereby DISMISSED without prejudice. In light of that dismissal, defendant's counsel and plaintiff's counsel are ordered to meet and confer with each other **in person** this week to resolve any remaining discovery issues. If the discussion goes off the rails, the parties may jointly call the Court and the Court will decide the issues, and will assess attorney's fees if either party has acted in an unreasonable manner. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 109.

SO ORDERED.

*[signature]*

Arun Subramanian, U.S.D.J.
Date: March 10, 2025

Respectfully submitted,

*[signature]*

Elaine, Platt, Esq., Of Counsel
**Jones Law Firm, P.C.**
5 Tudor City Place
New York, NY 10017
Office: (212) 258-0685
Direct: (646) 602-1489
elaine@joneslawnyc.com
*Attorneys for Defendant*

www.joneslawnyc.com

## EXHIBIT A

### Defendant's Revised Discovery Demands,
### Addressed only to the Complaint

1. How do you compute your more than $3 million in claimed damages? Provide any evidence to substantiate your claim.

2. Provide any evidence that proves the existence of an oral operating agreement between the parties for Esme Designs.

3. Did Mark Kwoka perform any services for any companies in the bridal industry (other than Esme Designs), at any time after July of 2019? If so, identify which companies, and the nature of the services.

4. Please provide all documents that prove that the booth rental fee at the National Bridal Market trade show, held in Chicago on March 17, 2024, was paid for by Esme Designs, LLC.

5. Please provide all documents that evidence that the parties "verbally agreed" to split the rental space "75% Mr. Kwoka and 25% Ms. D'Angelo."

6. Please provide all documents showing when, where, and how the "Shop Esme" URL was obtained.